# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BAREFIELD,<br><br>    Plaintiff,<br><br>  v.<br><br>HSBC MORTGAGE SERVICES, INC., et al.,<br><br>    Defendants. | Case No.: 1:21-cv-00613 NONE JLT<br><br>ORDER GRANTING THE EX PARTE APPLICATION FOR COUNSEL OF PLAINTIFF TO WITHDRAW<br><br>(Doc. 11) |

On April 27, 2021, attorney Marc Steven Applbaum filed a motion to withdraw counsel of record for Plaintiff. (Docs. 23, 25) Mr. Applbaum reports that Plaintiff is proceeding in a fashion, in which he ethically unable to participate. Neither the plaintiff nor the defendants have opposed the request. For the following reasons, the motion to withdraw is **GRANTED**.

## I.    Background

Plaintiff initiated this action by filing a complaint on April 9, 2021, indicating Plaintiff seeks to hold the defendants liable for the following: violations of the Fair Debt Collection Practices Act, quiet title, cancellation of written instrument, unfair and deceptive business practices, intentional infliction of mental distress, retaliatory eviction, and declaratory judgment.[1] (*See* Doc. 1 at 1.) On April 13, 2021,

---

[1] The Court observes that this case bears a striking similarity to litigation Ms. Barefield filed in this Court earlier and which were decided against her. *See Barefield v. HSBC Holdings, PLC, et al*, Case No." 1:18-v-527-LJO JLT; *Barefield v. HSBC Holdings, PLC et al.,* Case No. 1;18-cv-01442 LJO JLT. The Court urges Ms. Barefield to consider whether a fair reading of her complaint in conjunction

1

the Court issued summons to each of the defendants, and the new civil case documents. (Docs. 7-10.).

On April 27, 2021, Mr. Applebaum filed the motion to withdraw now pending before the Court. (Doc. 11.) Mr. Applbaum reported the motion was filed ex parte because he requested Plaintiff execute a substitution of counsel, and Plaintiff ignored the request. (*Id.* at 2.) He indicated Plaintiff received the application, memorandum of points of authority, and declaration of counsel via electronic mail on April 27, 2021. (*Id.* at 6.)

On May 10, 2021, Plaintiff filed a response to the ex parte application, indicating she "has no objection to the entry of an order granting Mr. Marc Applbaum Esq.'s withdrawal." (Doc. 12 at 1.)

## **II.     Discussion and Analysis**

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182. The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively." Cal. R.P.C. 3-700(C)(1)(d). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.* Likewise, California's Rules require the notice of motion and declaration to be served on the client and other parties who have appeared in the case. CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and leave "may be granted subject to such appropriate conditions as the Court deems fit." LR 182*; see also Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 989141, at *1 (E.D. Cal. Jan. 14, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the

---

with the previous two she has filed, could lead to the reasonable conclusion that this litigation is frivolous and intended for harassment purposes. If it is frivolous or intended as harassment, she is strongly urged to dismiss it now before service of the complaint and is cautioned that Fed.R.Civ.P. 11 may be invoked to impose sanctions.

2

other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. *Id.*, 2009 WL 989141, at *1-2.

Mr. Applbaum asserts "[t]he attorney-client relationship has deteriorated to the point where counsel does not believe that he can continue to represent Plaintiff in a reasonable and effective manner." (Doc. 11 at 2, emphasis omitted.) According to Mr. Applbaum, he identified "newly discovered information and documents" that Plaintiff has not "adequately addressed." (*Id.*) In addition, Mr. Applbaum indicated he "believes that Plaintiff has used his services to advance of course of conduct that [he] reasonably believes is fraudulent." (*Id.*, emphasis omitted.) He reports that on April 23, 2021, he "provided a detailed explanation of the reasons why [he] cannot present her claims in her lawsuit and now [Plaintiff] is making threats and being combative creating irreconcilable differences that are no longer reasonable." (*Id.*)

The certificate of service indicates Plaintiff was served with the documents required by the California Rules.[2] (*See* Doc. 11 at 5.) In response, Plaintiff indicates she "agrees that irreconcilable difference have arisen between herself and Mr. Applbaum which makes his further representation of her no longer feasible." (Doc. 12 at 1.) It does not appear that any party would suffer any prejudice, as the defendants have not yet been served with the summons and complaint, and consequently have not appeared in the action. Finally, any delay to the resolution of this case caused by the withdrawal will be minimal. Accordingly, the factors set forth by the Court in *Canandaigua Wine Co., Inc. v. Moldauer* weigh in favor of granting the motion to withdraw.

### III. Conclusion and Order

Mr. Applbaum sufficiently followed requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw as Plaintiff's attorney and set forth proper reasons for the withdrawal. Therefore, the Court is acting within its discretion to grant the motion to withdraw. *See* LR 182. Accordingly, the Court **ORDERS**:

1. The motion to withdraw (Doc. 11) is **GRANTED**;

---

[2] The Certificate of Service has Plaintiff's name in the caption, but another case number and the name of another individual is also mentioned. (Doc. 11 at 5.) Nevertheless, because Plaintiff filed a response to the motion and addressed the specific contentions of counsel, it is clear Plaintiff was served with the motion. (*See* Doc. 12 at 1.)

3

2. The Clerk's Office **SHALL TERMINATE** Marc Steven Applbaum as "Lead Attorney to be Noticed" for Plaintiff in the Court docket, and update the docket to reflect Plaintiff's last known contact information as follows:

>	Deborah Barefield
>	1050 Wilshire Blvd. Apt. 604
>	Los Angeles, CA 90017

3. Plaintiff **SHALL** serve the summons and complaint upon the defendants in compliance with Rule 4(m) of the Federal Rules of Civil Procedure; and

4. Any request for an extension of time for service shall be filed by noticed motion and supported by good cause.

**<u>Plaintiff is advised that failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Local Rule 110</u>**

IT IS SO ORDERED.

Dated: **May 15, 2021**          _/s/ Jennifer L. Thurston_
                                                                CHIEF UNITED STATES MAGISTRATE JUDGE

4