1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9        **EASTERN DISTRICT OF CALIFORNIA**

10

11   DEBRA BAREFIELD,                          )   Case No.: 1:21-cv-0613 JLT CDB
                                              )
12             Plaintiff,                      )   ORDER GRANTING DEFENDANTS' MOTIONS
                                              )   TO DISMISS
13        v.                                   )   (Docs. 31, 33 and 39)
                                              )
14   HSBC MORTAGE SERVICES, INC., et al.,     )   ORDER DENYING PLAINTIFF'S MOTION TO
                                              )   STRIKE
15             Defendants.                     )   (Doc. 46)
     _____)
16

17        Debra Barefield asserts she was the owner of a Deed of Trust of property located in Bakersfield,

18   California, and the administrator of the estate of Thomas W. Hatch.  She contends the defendants

19   engaged in unlawful actions related to a foreclosure sale of her home, wrongfully evicted her, and are

20   liable for intentional infliction of emotional distress.  Barefield also brings a claim for quiet title and

21   requests a subsequent Grant Deed be cancelled.  (Doc. 17.)

22        Defendants seek dismissal of all claims in the First Amended Complaint pursuant to Rule

23   12(b)(6) of the Federal Rules of Civil Procedure, arguing the claims are barred by the doctrine of res

24   judicata and Barefield fails to allege facts sufficient to support her claims.  (*See* Docs. 31, 33, 39.)

25   Barefield opposes dismissal of the action.  (Docs. 44, 45.)  However, Barefield did not oppose the

26   motion filed by Nickolas Tenhaeff and Lynae Tenhaeff.[1]  The Court finds the matters suitable for

27

28        [1] Nickolas Tenhaeff and Lynae Tenhaeff indicate their last name was spelled incorrectly in the First Amended
     Complaint.  (Doc. 52 at 1.)  Therefore, the Court has adopted the correct spelling.

                                                1

1  decision without oral arguments, and no hearing date will be set pursuant to Local Rule 230(g).  For

2  the reasons set forth below, the motions to dismiss are **GRANTED**, and the First Amended Complaint

3  is dismissed without leave to amend.

4  **I.      Plaintiff's Allegations**

5          Barefield alleges decedent Thomas Hatch "purchased a single-family residence" located at

6  11301 Darlington Avenue in Bakersfield, California on August 26, 2005 ("the Property").  (Doc. 17 at

7  5, ¶ 4.)  Barefield asserts that "[a]t the time of securing the loan," she and Hatch went together to

8  Castle Home Loans.  (*Id.*, ¶ 21.)  She contends the loan officers suggested the loan be put in Hatch's

9  name only "because he had a higher income and higher credit score at the time." (*Id.*, ¶ 22.)  Barefield

10  alleges that she and Hatch "agreed that once the loan went through, Hatch would add Plaintiff's name

11  to the title."  (*Id.* at 5, ¶ 23.)  Barefield asserts she used "own individual funds to make the down

12  payment" and "made all the payments … with her own money" for the Property.  (*Id.* at 5, ¶¶ 25-26.)

13  She alleges that when Hatch died on June 1, 2014, the Property "was part of a Trust conveyed to

14  [her]."  (*Id.* at ¶ 27.)

15          According to Barefield, defendant HSBC Mortgage Services, Inc. "assigned the underlying

16  mortgage to US Bank Trust, N.A" on October 23, 2017.  (Doc. 17 at 6, ¶ 28.)  Barefield asserts that

17  "US Bank acted as Trustee for Defendant LSF10 Master Participation Trust."  (*Id.* at 3, ¶ 9.)

18          On March 12, 2018, Barfield executed a Grant Deed, "as Administrator of the Estate of Thomas

19  W. Hatch," granting ownership to herself "as a single woman."  (Doc. 17 at 17; *see also id.* at 5, ¶ 29.)

20  The document was recorded on March 13, 2018.  (*Id.* at 17.)  Barefield contends the "ownership of the

21  subject property was conveyed to Plaintiff."  (*Id.* at 5, ¶ 29.)  She asserts she was "at all material times,

22  a bona fide owner of the subject property."  (*Id.*, ¶ 30.)

23          On September 26, 2018, Summit Management Company "prepared and recorded a Trustee's

24  Deed upon Sale."  (Doc. 17 at 5, ¶ 32; *see also id.* at 20.)  The Deed Upon Sale indicated the Property

25  title was transferred to U.S. Bank Trust, N.A., as Trustee for the LSF10 Master Participation Trust, and

26  the amount of unpaid debt—and the amount paid at the trustee sale— was $953,964.54.  (*Id.* at 20; *see

27  id.* at 5, ¶ 33.)  Barefield contends a notice of default was never sent to the Estate of Hatch.  (*Id.*, ¶ 34.)

28  Barefield also asserts that "[n]o loan modification or other foreclosure alternate resolution option was

1  ever offered to the Estate of Hatch or any other interest[ed] party to the subject property." (*Id.*)

2      Barefield contends that on January 23, 2019, Summit filed an unlawful detainer action against

3  Barefield in Kern County Superior Court.[2]  (Doc. 17 at 9, ¶ 53.)  According to Barefield, "Summit

4  knew, or should have known," that "their title was defective" and "had not been perfected."  (*Id.*, ¶¶

5  59-60.)  On February 6, 2020, Barefield was evicted from the Property.  (*Id.* at 6, ¶ 37; *see also id.* at

6  9, ¶ 57.)  She asserted "[t]he eviction was in retaliation for exercising her legal rights under the Hatch

7  Trust."  (*Id.*)  According to Barefield, "Summit knew, or should have known," that "their title was

8  defective" and "had not been perfected."  (*Id.* at 9, ¶¶ 59-60.)

9      On December 24, 2020, the Property was sold to defendants Nickolas Tenhaeff and Lynae

10  Tenhaeff.  (Doc. 17 at 3, ¶¶ 12-13; *id.* at 6, ¶ 36.)  The Grant Deed indicates legal ownership of the

11  Property was transferred from U.S. Bank, as Trustee for LSF10 to the Tenhaeffs.  (*Id.* at 13, ¶ 83.)

12  Barefield asserts that both Prominent Escrow Service and Chicago Title Company "recorded the Grant

13  Deed December 24, 2020."  (*Id.* at 3-4, ¶¶ 14, 15.)

14      According to Barefield, all the "[d]efendants engaged in a systematic and calculated campaign

15  to damage [her] reputation in the neighborhood where she had raised her children and where she

16  conducted her everyday business."  (Doc. 17 at 10, ¶ 69.)  She asserts, "Defendants made false

17  statements about Plaintiff to her neighbors in an effort to cause harm, embarrassment, shame, and

18  emotional pain."  (*Id.* at 11, ¶ 70.)  Barefield contends that the "[d]efendants' conduct was extreme and

19  outrageous" and as a result of their actions, she "has been emotionally damaged."  (*Id.*, ¶¶ 71, 73.)

20      On April 9, 2021, Barefield initiated this action by filing a complaint with representation by

21  counsel, Marc Applbaum.  (Doc. 1.)  On April 27, 2021, Plaintiff's attorney filed a motion to withdraw

22  as counsel, reporting he believed Barefield "used his services to advance a course of conduct that

23  [counsel] reasonably believes is fraudulent."  (Doc. 11 at 2.)  The Court granted counsel's motion to

24  withdraw on May 17, 2021.  (Doc. 13.)  At that time, the Court observed the matter had "a striking

25

26      [2] As discussed below, contrary to Barefield's allegation, the "Verified Complaint for Unlawful Detainer" was filed
by U.S. Bank, N.A., as Trustee for LSF10 Master Participation Trust—not Summit—on January 16, 2019.  (RJN Exh. I,
27  Doc. 34 at 57.)  As discussed below, the complaint is subject to judicial notice. Because Barefield's allegation is contradicted
by actual complaint filed in Case. No. BCL-19-010394, the Court does not accept this assertion as true. *See MGIC Indem.*
28  *Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (the court need not accept as true allegations that contradict facts
which may be judicially noticed); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-1296 (9th Cir. 1998) (court is not
required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint).

1    similarity" to prior actions filed by Barefield:  *Barefield v. HSBC Holdings, PLC, et al.*, Case No. 1:18-

2    cv-527-LJO-JLT and *Barefield v. HSBC Holdings, PLC, et. al.*, Case No. 18-cv-1442-LJO-JLT.  Thus,

3    the Court urged Barefield "to consider whether a fair reading of her complaint in conjunction with the

4    previous two she has filed, could lead to the reasonable conclusion that this litigation is frivolous and

5    intended for harassment purposes."  (*Id.* at 2-3, n.1.)

6         On August 2, 2021, Barefield filed her First Amended Complaint, now proceeding *pro se* in the

7    matter.  (Doc. 17.)  In the FAC, Barefield identifies the following causes of action: (1) violation of civil

8    rights/property interest via failure to provide notice under Cal. Civ. Code § 2924b against U.S. Bank

9    and LSF10 Master Participation Trust[3]; (2) "violation of [her] civil rights via wrongful and retaliatory

10   eviction" against Summit Management Company; (3) intentional infliction of emotional distress against

11   Summit, HSBC Mortgage Services, U.S. Bank Trust, LSF10 Master Participation Trust, Caliber Home

12   Loans, Nickolas Tenhaeff, Lynae Tenhaeff, Prominent Escrow Service, and Chicago Title Company[4];

13   (4) quiet title; and (5) cancellation of the Grant Deed dated December 24, 2020 pursuant to Cal. Civ.

14   Code § 3412.  (*Id.* at 6-13.)

15        On September 20, 2021, motions to dismiss were filed by Chicago Title Company (Doc. 31) as

16   well as Caliber Home Loans; Summit; and U.S. Bank Trust, N.A., as Trustee for LSF10 Master

17   Participation Trust (Doc. 33).  Barefield opposed both motions on October 8, 2021.  (Docs. 44, 45.)

18   Barefield also asserted the responsive pleading by U.S. Bank Trust was untimely and moved to strike

19   the motion.  (Doc. 46.)  The Tenhaeffs also filed a motion to dismiss, which Barefield has not opposed.

20   (*See* Docs. 39-40, 52.)

21   **II.     Requests for Judicial Notice**

22        Fed. R. Evid. 201 permits a court to take judicial notice of any facts (1) "generally known

23   within the trial court's territorial jurisdiction" or (2) that "can be accurately and readily determined

24   from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *United States*

---

26        [3] Barefield later acknowledged that while U.S. bank and LSF10 were named as separate defendants in the action,
     the defendants should have been identified as "U.S. Bank Trust, N.A., as Trustee for LSF10 Mater Participation Trust."

27   (Doc. 22 at 2.)

28        [4] Barefield dismissed her claims against Prominent Escrow Service and HSBC Mortgage Services. (Docs. 50, 54.)
     The Court dismissed Prominent Escrow Service and HSBC Mortgage Services as defendants in the action.  (Docs 53, 56.)

*v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).  The Court "must take judicial notice if a party

requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c).

Defendants Caliber Home Loans, Inc.; Summit Management Company, LLC; and U.S. Bank

Trust, N.A., as Trustee for LSF10 Master Participation Trust request the Court take judicial notice of

the following documents[5]:

A.  Deed of Trust which was recorded in the Kern County Recorder's
Office on August 26, 2005, as Instrument No. 0205231398.

B.  Assignment of Deed of Trust which was recorded in the Kern County
Recorder's Office on July 1, 2008, as Instrument No. 0208104535.

C.  Corrective Assignment of Deed of Trust which was recorded in the
Kern County Recorder's Office on February 13, 2017, Instrument No.
0217019591.

D.  Assignment of Deed of Trust which was recorded in the Kern County
Recorder's Office on October 23, 2017, as Instrument No.  217143714.

E.  Substitution of Trustee which was recorded in the Kern County
Recorder's Office on November 22, 2017, as Instrument No. 217159203.

F.  Notice of Default which was recorded in the Kern County Recorder's
Office on December 15, 2017, as Instrument No. 217172367.

G.  Notice of Trustee's Sale which was recorded in the Kern County
Recorder's Office on March 13, 2018, as Instrument No. 218029203.

H.  Trustee's Deed Upon Sale which was recorded in the Kern County
Recorder's Office on September 26, 2018, as Instrument No. 218126647.

I.  Verified Complaint for Unlawful Detainer, filed on January 16, 2019, in
Kern County Superior Court, Case No. BCL-19-010394, *U.S. Bank Trust,
N.A., as Trustee for LSF10 Master Participation Trust v. Tom W. Hatch, et al.*

J.  Judgment filed on December 2, 2019, in Kern County Superior Court,
Case No. BCL-19-010394.

K.  Writ of Possession, issued on December 10, 2019, in Kern County
Superior Court, Case No. BCL-19-010394.

L.  Ruling on Unlawful Detainer Appeal, issued on August 17, 2020, in
Kern County Superior Court, Case No. BCL-19- 010394.

M.  Notice of Removal, filed on April 18, 2018, in the U.S. District Court,
Eastern District of California, Case No. 1:18-cv- 00527-LJO-JLT, *Deborah*

---

[5] The Tenhaeffs also seek judicial notice of all documents identified by Caliber, Summit, and U.S. Bank, with the exception of Exhibit P: the Stipulation to Dismiss with Prejudice.  (*Compare* Doc. 34 at 2-5 *with* Doc. 40 at 2-6.)  For the sake of clarity, the Court refers only to the Request for Judicial Notice filed by defendants Caliber, Summit, and U.S. Bank in its analysis below.

*Barefield, et al. v. HSBC Holdings, et al.*

N.  Second Amended Complaint, filed on August 16, 2018 in Case No. 1:18-cv-00527-LJO-JLT.

O.  Order on Motion to Dismiss filed on November 1, 2018, in Case No. 1:18-cv-00527-LJO-JLT.

P.  Stipulation to Dismiss With Prejudice, filed on June 17, 2019, in Case No. 1:18-cv-00527-LJO-JLT.

Q.  Memorandum of Decision, filed on January 28, 2021, in the United States Court of Appeals, Ninth Circuit, Case No. 19-16324, *Deborah Barefield, et al. v. HSBC Holdings, et al.*

R.  Notice of Removal, filed on October 17, 2018, in the U.S. District Court, Eastern District of California, Case No. 1:18-cv- 01442-LJO-JLT, *Deborah Barefield, et al. v. HSBC Holdings, et al.*

S.  Order Denying Motion to Remand and Dismissing Complaint, filed on October 31, 2018, in Case No. 1:18-cv-01442-LJO- JLT.

T.  Appeal Dismissal, filed on July 31, 2019, in the United States Court of Appeals, Ninth Circuit, Case No. 18-17214, *Deborah Barefield, et al. v. HSBC Holdings, et al.*

U.  Grant Deed which was recorded in the Kern County Recorder's Office on December 24, 2020, as Instrument No. 220200999.

(Doc. 34 at 2-5.)  Barefield does not oppose the request for judicial notice and does not challenge the accuracy of the identified documents.  (*See generally* Doc. 45.)

### A.    Recorded documents

Judicial notice may be taken of recorded instruments, because they are public records that are not subject to reasonable dispute.  *See* Fed. R. Evid. 201; *Lane v. Vitek Real Estate Indus. Group*, 713 F.Supp.2d 1092, 1096-97 (E.D. Cal. 2010) (explaining "publically recorded documents related to plaintiff's mortgage … are matters of public record whose accuracy cannot be questioned").  As a result, judicial notice may be taken of a deed of trust, an assignment of deed of trust, and substitution of trustee.  *See, e.g., Lane*, 713 F.Supp.2d at 1096-97 (taking judicial notice of a trustee substitution and assignment of deed of trust); *Argueta v. J.P. Morgan Chase*, 787 F.Supp.2d 1099, 1102-03 (E.D. Cal. 2011) (taking judicial notice of a "Deed of Trust" and "Substitution of Trustee").

In addition, judicial notice is appropriate for recorded documents related to a default and subsequent property sale, also as matters of public record.  *See, e.g., Garden v. Am. Home Mortg.*

1    *Servicing*, 691 F.Supp.2d 1192, 1196 (E.D. Cal. 2010) (observing a Notice of Default, Notice of

2    Trustee's Sale, and Trustee's Deed Upon Sale were "publically recorded documents of which judicial

3    notice may properly be taken" and considering the documents with a motion to dismiss); *Wise v. Wells*

4    *Fargo Bank, N.A.*, 850 F.Supp.2d 1047, 1056-57 (C.D. Cal. 2012) (granting a request for judicial

5    notice for a publicly recorded notice of default); *Hotel Emples. & Rest. Emples. Local 2 v. Vista Inn*

6    *Mgmt. Co.*, 393 F.Supp.2d 972, 978 (N.D. Cal. 2005) ("A grant deed is an official record of easily

7    verifiable accuracy" of a property transfer).

8         Because each of the recorded documents identified above are instruments on record with the

9    Kern County Recorder's Office and are matters of public record that are not subject to reasonable

10   dispute, Defendants' request for judicial notice for each of the identified instruments is **GRANTED**.

11        **B.    Filed pleadings**

12        The Court may take judicial notice documents filed before this Court and other courts. *Reyn's*

13   *Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Montijo v.*

14   *Hrdlicka*, 2021 WL 3857643, at *1 n.1 (E.D. Cal. Aug. 30, 2021) (finding judicial notice was proper

15   for an unlawful detainer complaint filed in the state court).  While a court may take judicial notice of

16   pleadings, a judicial notice may only be taken "of representations having been made therein." *United*

17   *States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 973-74 (E.D. Cal. 2004).  Therefore, the Court

18   **GRANTS** the request for judicial notice of the allegations made in: the complaint filed in Kern County

19   Superior Court, Case No. BCL-19-010394; the Notice of Removal filed in Case No. 1:18-cv-0527-

20   LJO-JLT; the Second Amended Complaint filed in Case No. 1:18-cv-0527-LJO-JLT; and the Notice of

21   Removal filed in Case No. 1:18-cv-1442-LJO-JLT.  However, the Court limits the scope of its judicial

22   notice to the parties who filed the documents and allegations made and declines to take judicial notice

23   of the veracity of the allegations in the identified pleadings.

24        **C.    Court proceedings and orders**

25        The Ninth Circuit determined it is appropriate to "take notice of proceedings in other courts,

26   both within and without the federal judicial system, if those proceedings have a direct relation to

27   matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248

28   (9th Cir. 1992) (citation omitted).  Thus, it is appropriate to "take judicial notice of the court docket in

7

the unlawful detainer and eviction proceedings" in state court proceedings. *Smith v. 116 S Mkt. LLC*, 831 Fed. App'x 355, 356 n.1 (9th Cir. 2020); *see also Mangaoang v. Special Default Servs.*, 427 F. Supp. 3d 1195, 1205 (N.D. Cal. 2019) (records from other courts, "including an unlawful detainer action[] and the state court action," were proper subjects of judicial notice). This includes a writ of possession, which "is a court order, signed by the clerk of court, whose accuracy cannot reasonably be questioned." *See Von Brinken v. Royal*, 2013 WL 211245, at *2 (E.D. Cal. Jan. 10, 2013).

Further, judicial notice may be taken of a court's own documents and orders, which cannot be reasonably requestioned. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981). As this Court observed, "the authenticity and existence of a particular order…, which is a matter of public record, is judicially noticeable." *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004).

The identified rulings in the prior proceedings —including orders from the state court, this Court, and the Ninth Circuit —are related to the matter at issue and cannot reasonably be questioned. Therefore, the unopposed request for judicial notice of these documents is **GRANTED**.

## III.    Prior Litigation

Barefield—and the defendants—have been involved in several actions both before the state court and the federal court, which are related to the claims now litigated. As discussed below, the parties disagree whether the doctrine of res judicata may bar Barefield's claims, based upon the issues and claims previously adjudicated. For this reason, the Court summarizes the parties' litigation history before the state and federal court.

### A.    Unlawful detainer action

On January 16, 2019, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, filed a "Verified Complaint for Unlawful Detainer" pursuant to Cal. Code Civ. P. §§ 1161a and 1161b against Tom W. Hatch and Barefield in Kern County Superior Court, Case No. BCL-19-010394. (Doc. 34 at 57, RJN Exh. I.) U.S. Bank asserted the property was sold to the company on September 24, 2018, "under a power of sale contained in a Deed of Trust dated August 19, 2005, executed by Tom W[.] Hatch, as Trustor." (*Id.* at 58, ¶ [emphasis omitted].) U.S. Bank asserted that its "title

1   pursuant to the title … [was] duly perfected and a Trustee's Deed conveying title to Plaintiff has been

2   duly recorded in the official records of the county in which the Property is situated." (*Id.*)  In addition,

3   the company asserted it "served on Defendant a written notice requiring Defendants to vacate and

4   deliver up possession of the Property to Plaintiff within ninety (90) days after service of said notice."

5   (*Id.*, ¶ 6.)  U.S. Bank asserted the defendants—including Barefield—continued possession despite

6   more than 90 days passing after the notice, without U.S. Bank's consent.  (*Id.*, ¶¶ 7-8.)  U.S. Bank

7   requested judgment in the form of restitution, damages, and "possession of the Property." (*Id.* at 59.)

8           On December 2, 2019, the court issued an order in which it "granted the motion of [U.S. Bank]

9   for summary judgment." (Doc. 34 at 71, RJN Exh. J.)  The court indicated U.S. Bank, as Trustee for

10  LSF10, would recover "possession of the premises located at 11301 Darlington Avenue, Bakersfield,

11  California 93312." (*Id.*)  Therefore, clerk of court was "directed to issue a writ of possession directing

12  the sheriff to take all legal steps to remove Defendants from the premises." (*Id.* at 72.)  The court

13  indicated "[t]he judgment shall run against 'all occupants' pursuant to California Code of Civil

14  Procedure § 415.46." (*Id.*)  The clerk of court issued the writ of possession on December 10, 2019.

15  (Doc. 34 at 74-76, RJN Exh. K.)

16          Barefield appealed the court's granting of summary judgment and raised two issues: (1) "the

17  trial court did not have authority to decide title issues" and (2) "because the trial court could not

18  determine title, there remains a triable issue of fact that precluded the granting of summary judgment."

19  (Doc. 34 at 79, RJN Exh. L.)  The court found these arguments lacked merit, explaining that "[i]n an

20  unlawful detainer action brought pursuant to Code of Civil Procedure section 1161a, subdivision

21  (b)(3), the plaintiff must show that he or she acquired the property at a regularly conducted sale and

22  thereafter 'duly perfected' title." (*Id.*, citation omitted.)  The court found "the plaintiff met its burden

23  of establishing each of the elements necessary for its cause of action for unlawful detainer." (*Id.*)

24  Further, the court observed that Barefield "raise[d] no other claims that there were triable issues of fact

25  and presented no evidence to the trial court to raise a triable issue of fact." (*Id.*)  The judgment was

26  affirmed on August 17, 2020.  (*Id.*)

27          **B.      "*Barefield I*", Eastern District Case No. 1:18-cv-0527-LJO-JLT**

28          Barefield, as Administrator of the Estate of Thomas W. Hatch, initiated a civil action in Kern

9

1    County Superior Court, Case No. BCV-18-10621-SDS on March 16, 2018.  (Doc. 34 at 89; *see also*

2    *id.* at 142, RJN Exh. N.)  She filed an amended complaint on March 26, 2018, in which she identified

3    HSBC Holdings, Caliber, and Summit as the defendants.  (*Id.* at 92.)

4          On April 18, 2018, the defendants filed a Notice of Removal, thereby initiating Case No. 1:18-

5    cv-0527-LJO-JLT before this Court.  (*See* Doc. 34 at 82, RJN Exh. M.)  Barefield filed a Second

6    Amended Complaint on August 28, 2018, in which she identified the following claims: (1) fraud

7    against all defendants; (2) breach of the implied covenant of good faith and fair dealing; (3) unlawful

8    debt collection practices in violation of Cal. Civ. Code § 1788; (4) intentional infliction of emotional

9    distress against Caliber and Summit; (5) laches; and (6) quiet title against all defendants.  (*Id.* at 151-

10   59, RJN Exh. N.)  The Defendants moved to dismiss all claims in the SAC, and the Court issued an

11   order on the motions on November 1, 2018.  (*Id.* at 171, RJN Exh. O.)

12         The Court found Barefield failed to allege facts sufficient to support her claims for fraud,

13   intentional infliction of emotional distress, laches, and quiet title.  (Doc. 34 at 177-185, 193-196.)  Each

14   of these causes of action were dismissed with prejudice.  (*Id.*)  In doing so, the Court noted Barefield

15   "conceded that the decedent stopped making payments on the subject loan in 2006."  (*Id.* at 194, citing

16   SAC ¶ 7.)  The Court found: "Because Plaintiff concedes that she 'has not paid the debt secured by the

17   mortgage, [she] cannot sustain a quiet title action against Defendants.'"  (*Id.*, quoting *Rosenfeld v.*

18   *JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010).)  However, the Court found

19   her allegations were sufficient to state a claim under the Rosenthal Fair Debt Collection Practices Act

20   and denied the motion to dismiss that claim.  (*Id.* at 189.) The Court granted Barefield the option to: (1)

21   "file a third amended complaint, with allegations only concerning the RFDCPA claim, in order to

22   demonstrate that the amount of money at issue meets the $75,000 jurisdictional threshold;" or (2) "file

23   notice that she is electing not to supplement the SAC…."  (*Id.* at 197, emphasis omitted.)  Barefield

24   elected to not file an amended complaint and filed a Notice of Appeal of the Court's dismissal.  (Case

25   No. 1:18-cv-0527-LJO-JLT, Docs. 51-52.)  The Ninth Circuit dismissed the appeal for lack of

26   jurisdiction.  (Case No. 1:18-cv-0527-LJO-JLT, Doc. 88.)

27         The parties filed a stipulation to dismiss the remaining cause of action with prejudice on June

28   17, 2021.  (Doc. 34 at 200, RJN Exh. P.)  Based upon the stipulation of parties, the Court closed the

1   action.  Barefield again filed a Notice of Appeal to the Ninth Circuit, which affirmed the decisions of

2   the District Court, including the dismissal of her causes of action for failure to state a plausible claim.

3   (*Id.* at 204-207, RJN Exh. Q.)

4         **C.**      **"*Barefield II*", Eastern District Case No. 1:18-cv- 01442-LJO-JLT**

5         While the motions to dismiss were pending resolution in *Barefield I*, Barefield filed another

6   complaint in Kern County Superior Court.  (Doc. 34 at 173, RJN Exh. O; *id.* at 218, RJN Exh. R.)  The

7   defendants filed a Notice of Removal, thereby initiating Case No. 1:18-cv- 01442-LJO-JLT

8   ("*Barefield II*"), on October 17, 2018.  (*Id.* at 173, RJN Exh. R.)  Barefield stated claims for wrongful

9   foreclosure, to set aside the trustee's sale, to void or cancel the trustee's deed upon sale, to void or

10  cancel the assignment of deed of trust, breach of the implied covenant of good faith and fair dealing,

11  unjust enrichment, violation of Cal. Bus. & Prof. Code § 17200, quiet title, slander of title, violation of

12  the RFDCPA, and intentional infliction of emotional distress.  (*Id.* at 218-237, RJN Exh. R.)

13        Upon reviewing the allegations in the complaint, this Court determined the matter involved

14  "the same defendants … and the same mortgage."  (Doc. 34 at 173.)  The Court observed there were

15  two minor differences between *Barefield I* and *Barefield II*:

> First, the Barefield II Complaint has added additional allegations to
> support its claim that MERS was without authority to assign its rights to
> others, though the basic assertion that it has a history of improper
> attempted assignments, "from robo-signing to removal of mortgages from
> mortgage pass-through trusts illegally and in violation of trust provisions"
> is present in both complaints. *See Barefield I* Complaint ¶ 10, *Barefield II*
> Complaint ¶ 16. Second, a foreclosure sale has apparently taken place, and
> the *Barefield II* Complaint accordingly focuses on wrongful foreclosure
> and related claims.

21  (Doc. 34 at 248, RJN Exh. S.)  The Court noted that "[t]he rights or interests in the first action" would

22  control whether the foreclosure was proper; both actions "rely on the same evidence in the form of the

23  deed of trust and related documents;" and both actions arose "out of the same transactional nucleus of

24  facts."  (*Id.*, internal quotation mars omitted.)  In addition, the Court determined that although the

25  foreclosure sale had occurred after the filing of *Barefield I*, "the underlying rights [did] not differ in

26  the two cases."  (*Id.*)  Therefore, the Court determined *Barefield II* was duplicative, denied the request

27  for remand, and dismissed the action.  (*Id.* at 249.)

28        Barefield filed a Notice of Appeal to the Ninth Circuit, but later indicated "she does not appeal

1    the district court's order of dismissal in case No. 1:18-cv-01442-LJO-JLT."  (Doc. 34 at 252, RJN

2    Exh. T.)  The Ninth Circuit construed her statements as a "motion for voluntary dismissal of [the]

3    appeal."  (*Id.* at 252-253.)  Therefore, the appeal was dismissed on July 31, 2019.  (*Id.*)

4    **IV.     Motions to Dismiss**

5          A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729,

6    732 (9th Cir. 2001).  In ruling on a motion to dismiss filed pursuant to Rule 12(b), the Court "may

7    generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and

8    matters properly subject to judicial notice."  *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d

9    895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

10          Dismissal of a claim under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable

11   legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp.*

12   *Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  Thus, "[t]o survive a motion to dismiss, a complaint

13   must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

14   face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

15   570 (2007)).  The Supreme Court explained,

16              A claim has facial plausibility when the plaintiff pleads factual content
                that allows the court to draw the reasonable inference that the defendant is
17              liable for the misconduct alleged. The plausibility standard is not akin to a
                "probability requirement," but it asks for more than a sheer possibility that
18              a defendant has acted unlawfully. Where a complaint pleads facts that are
                "merely consistent with" a defendant's liability, it "stops short of the line
19              between possibility and plausibility of 'entitlement to relief.'"

20   *Iqbal*, 556 U.S. at 678 (internal citations omitted).

21          When considering a motion to dismiss, the Court must accept the factual allegations made in

22   the complaint as true.  *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).  A court

23   must construe the pleading in the light most favorable to the plaintiffs and resolve all doubts in favor

24   of the plaintiffs.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  However, legal conclusions need

25   not be taken as true when "cast in the form of factual allegations."  *Ileto v. Glock, Inc.*, 349 F.3d 1191,

26   1200 (9th Cir. 2003).  In addition, the Court is not required to accept as true any allegations

27   contradicted by judicially noticeable facts, and the "court may look beyond the plaintiff's complaint to

28   matters of public record" without converting the Rule 12(b)(6) motion into one for summary

12

1   judgment.  *Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995), *cert. denied*, 516 U.S. 964 (1995).

2       Pleadings of pro se litigants "are held to less stringent standards than formal pleadings drafted

3   by lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (quotation omitted); *see also Karim -Panahi v.*

4   *Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  Where a plaintiff proceeds pro se, the

5   Court is obligated to construe the pleadings liberally and to afford the plaintiff the benefit of doubt.

6   *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).  However, a pro se plaintiff must still allege

7   facts sufficient to allow a reviewing court to determine whether a claim has been stated.  *Ivey v. Bd. of*

8   *Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

9        "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled

10  to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a

11  recovery is very remote and unlikely but that is not the test."  *Scheuer v. Rhodes*, 416 U.S. 232, 236

12  (1974).  The Court "will dismiss any claim that, even when construed in the light most favorable to

13  plaintiff, fails to plead sufficiently all required elements of a cause of action."  *Student Loan Marketing*

14  *Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  To the extent pleadings can be cured by the

15  plaintiff alleging additional facts, leave to amend should be granted.  *Cook, Perkiss & Liehe, Inc. v.*

16  *Northern Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

17  **V.      Discussion and Analysis**

18      All defendants challenge the sufficiency of the allegations to support the claims stated by

19  Barefield in the FAC.  (*See* Doc. 31 at 2-4; Doc. 33 at 15-22; Doc. 39-1 at 13-24.)  Caliber, Summit,

20  and U.S. Bank also contend "[t]he adjudication on the merits of *Barefield I*, *Barefield II*, and the

21  unlawful detainer operate as res judicata." (Doc. 33-1 at 8; *id.* at 15-21.)  Likewise, the Tenhaeffs

22  contend claims stated against them—including quiet title and cancellation of instruments— are barred

23  by the doctrine of res judicata.  (*See* Doc. 39 at 2-3.)

24      **A.      Motion to Strike**

25      As an initial matter, Barefield contends the motion to dismiss filed by Caliber, Summit and

26  U.S. Bank is untimely.  (Doc. 46.)  Barefield requests the Court strike the motion to dismiss, though

27  she also acknowledges that "[t]he language of Rule 12(f) does not neatly cover what [she] seeks here."

28  (*Id.* at 6.)  Dependents oppose the motion, arguing the request to strike should be denied because it is

1    untimely, improper, and Barefield fails to demonstrate any prejudice.  (Doc. 51.)

2               1.       Governing standards under the Federal Rules

3           Rule 12(f) of the Federal Rules of Civil Procedure grants the authority to the district court to

4    "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

5    P. 12(f).[6]  The purpose of a motion to strike "is to avoid the expenditure of time and money that must

6    arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v.*

7    *A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Generally, motions to strike "are disfavored and

8    infrequently granted."  *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1170 (E.D. Cal. 2005).  Thus, a

9    motion to strike "should not be granted unless the matter to be stricken clearly could have no possible

10   bearing on the subject of the litigation." *Id.* (citation omitted); *see also Estate of Contreras v. County*

11   *of Glenn,* 725 F.Supp.2d 1157, 1159 (E.D. Cal. 2010) (same).  The decision to grant or deny a motion

12   to strike is vested within the discretion of the district court.  *Fantasy, Inc*., 984 F.2d. at 1528.

13              2.       Timeliness of the request to strike

14          U.S. Bank asserts that Barefield's motion to strike is untimely and should not be considered.

15   (Doc. 51 at 2.)  U.S. Bank observes that Barefield "filed the instant Motion to Strike on October 13,

16   2021, twelve (12) days before the hearing date of October 25, 2021."  (*Id.*)  U.S. Bank observes that

17   under Local Rule 230(b), motions were required "to be scheduled not less than 28 days after personal

18   service and filing."[7]  (*Id.*)  Because Barefield filed her motion less than 28 days' notice, U.S. Bank

19   contends the motion "is thus untimely, and the Court should not hear it."  (*Id.*)

20          Significantly, the Court may consider an untimely motion to strike.  *Champlaie v. BAC Home*

21   *Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1039 (E.D. Cal. 2009) (citing 5A Wright and Miller,

22   *Federal Practice and Procedure: Civil 2d* § 1380); *see also Winnemem Wintu Tribe v. U.S. Forest*

23

24          [6] A "redundant" matter is comprised "of allegations that constitute a needless repetition of other averments or
     which are foreign to the issue to be denied." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005).  An immaterial
25   matter "has no essential or important relationship to the claim for relief or the defenses being pleaded," while an
     "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy,*
26   *Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* (quoting 5 Charles A. Wright & Arthur R.
     Miller, Federal Practice and Procedure § 1382, at 706-07, 711 (1990)).  Finally, a scandalous matter is one that "improperly
27   casts a derogatory light on someone, most typically on a party to the action." *Germaine Music v. Universal Songs of*
     *Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal quotation marks, citations omitted).

28          [7] Local Rule 230(b) was amended following the filing of the motions now pending before the Court.  Matters now
     set for hearing "not less than thirty-five (35) days after service and filing of the motion."  L.R. 230(b).

                                                      14

*Serv.*, 2013 WL 1325423, at *3 (E.D. Cal. Mar. 19, 2013) ("courts have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case." [citation omitted]).  Because a motion to strike may be considered at any time, the Court declines to deny the motion as untimely.

<u>3.     Rule 12(f) and motions</u>

The Ninth Circuit observed that "[u]nder the express language of [Rule 12(f)], only *pleadings* are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (emphasis added).  Pursuant to the Federal Rules of Civil Procedure, "pleadings" include: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).  Thus, motions are not identified as pleadings under Rule 7.  It naturally follows that "[a] motion to dismiss is not a pleading." *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005); *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000) ("[a] motion to dismiss is not a 'responsive pleading'"); *see also Davis v. Kissenger*, 2007 WL 127776, at *6 (E.D. Cal. Jan. 11, 2007) ("By definition, a motion to dismiss is not a pleading").

Courts have declined to strike motions under Rule 12(f), because motions are not pleadings. *See, e.g.*, *In re Tesla Sec. Litig*, 477 F.Supp.3d 903, 920 (N.D. Cal. 2020) ("Defendants' motion to dismiss, however, is not subject to a motion to strike because only pleadings can be stricken under Rule 12(f)"); *Davis*, 2007 WL 127776, at *6 (rejecting a motion to strike the defendants' motion to dismiss); *Vujicich v. Vanderberg*, 2013 WL 8256245, at *1-2 (C.D. Cal. Oct. 2, 2013) (finding a plaintiff's motion to strike failed because Rule 12(f) applies to pleadings, and "[a] motion to dismiss is not a pleading"); *Foley v. Pont*, 2013 WL 782856, at *4 (D. Nev. Feb. 28, 2013) ("Motions to strike apply *only* to pleadings, and courts are unwilling to construe the rule broadly and refuse to strike motions, briefs, objections, affidavits, or exhibits attached thereto" [emphasis in original]); *Lopeti v. Alliance Bancorp*, 2011 WL 13233545, at *4 (D. Haw. Nov. 4, 2011) ("a motion to dismiss may not be the subject of a Rule 12(f) motion"); *Neal v. Bank of America, N.A.*, 2012 WL 3638762, at *1 (D. Az. Aug. 24, 2012) (finding motion to strike a motion to dismiss as untimely under Rule 12(f) was inappropriate, because a motion is not a pleading). Because Defendants' motion to dismiss is not a

1    pleading, it is not subject to a motion to strike under Rule 12(f).  Consequently, the relief requested by

2    Barefield is unavailable under Rule 12(f), and the motion to strike is **DENIED**.

3              **B.     Doctrine of Res Judicata**

4              The doctrine of res judicata promotes "judicial economy by preventing needless litigation."

5    *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).  Under the doctrine of res judicata, "a final

6    judgment on the merits bars further claims by parties or their privies based on the same cause of

7    action."  *Montana v. United States*, 440 U.S. 147 (1979).  Thus, a claimant may not seek to re-litigate

8    claims decided previously on their merits.  *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051

9    (9th Cir. 2005); *Wassmann v. South Orange County Community College Dist.*, 24 Cal.App.5th 825, 844

10   (2018) (explaining a party who has previously litigated a matter "should not be permitted to litigate it

11   again to the harassment and vexation of [the] opponent" [citation omitted]).  In addition, res judicata

12   "bars litigation in a subsequent action of any claims that … could have been raised in the prior action."

13   *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001); *see also Wassmann,* 24

14   Cal.App.5th at 844 (doctrine applies to "matter matters which were raised or could have been raised, on

15   matters litigated or litigable'" in a prior action).

16             Defendants contend the doctrine of res judicata bars claims now raised based upon the decisions

17   issued by the state court in the unlawful detainer action and this Court in *Barefield I* and *Barefield II*.

18   (Doc. 33 at 11-15; Doc. 39-1 at 16-19.)  Barefield argues the doctrine is inapplicable, because "it is

19   unconscionable to believe that [her] previous litigations involved an unlawful detainer/eviction that

20   occurred after these litigations were filed."  (Doc. 45 at 3, emphasis omitted; *see also id.* at 3-6.)

21                        1.     Effect of the unlawful detainer action

22             Judicial proceedings of a state court "have the same full faith and credit in every court within

23   the United States … as they have by law or usage in the courts of such State."  28 U.S.C. § 1738; *see*

24   *also San Remo Hotel, L.P. v. City & Cnty. of S.F.*, 545 U.S. 323, 347-48 (2005).  Res judicata

25   therefore precludes a party from relitigating claims in the federal court that were determined by the

26   state.  *San Remo Hotel*, 545 U.S. at 346-48.  To determine the preclusive effect of a state judgment, a

27   federal court must apply the rules of the state that entered the judgment.  *Kremer v. Chemical*

28   *Construction Corp.*, 456 U.S. 461, 482 (1982) ("§ 1738 does not allow federal courts to employ their

                                                      16

own rules of res judicata in determining the effect of state judgments").  Because the unlawful detainer action was before the California state court, the Court looks to California law to determine whether res judicata bars Barefield's claims in the federal court.  *See id.*; *see also Kamali v. Hiddleson*, 857 Fed. Appx. 397, 398 (9th Cir. 2021) ("We look to California law when considering the preclusive effect of a California state court judgment").

Under California law, the doctrine of res judicata applies when: "(1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom res judicata is asserted was a party to, or in privity with a party to, the prior adjudication." *Lopez Reyes v. Kenosian & Miele, LLP*, 619 F.Supp.2d 796, 809 (N.D. Cal. 2008) (citing *Nathanson v. Hecker*, 99 Cal. App. 4th 1158, 1162, (2002)); *see also Kamali*, 857 Fed. Appx. at 398 (identifying the same elements under California law for res judicata to bar claims in a subsequent proceeding). The burden of proof is on the party seeking to invoke the doctrine to show the elements of res judicata are satisfied.  *Vella v. Hudgins*, 20 Cal. 3d 251, 257 (1977).

### a.    Same party

Defendants seek to invoke the doctrine of res judicata against Barefield, based in part upon the unlawful detainer action.  (Doc. 33-1 at 12.)  Barefield was named as a defendant in the "Verified Complaint for Unlawful Detainer" filed in Kern County Superior Court in Case No. BCL-19-010394, filed on January 16, 2019.  (Doc. 34 at 57, RJN Exh. I.)  Thus, it is indisputable that "the party against whom res judicata is asserted was a party to … the prior adjudication." *See In re Anthony H.,* 129 Cal. App. 4th 495, 503 (2005); *see also Hopkins v. Wells Fargo Bank, N.A.,* 2013 WL 2253837, at *4-5 (E.D. Cal. May 22, 2013) (applying the doctrine where the plaintiff in the federal action was the defendant in the unlawful detainer action before the state court).

### b.    Final judgment

"[I]n order for res judicata or collateral estoppel to apply there must be a final judgment or determination of an issue; that is, a judgment or determination that is final in the sense that no further judicial act remains to be done to end the litigation." *People v. Scott*, 85 Cal. App. 4th 905, 919 (2000). The requirement that a judgment be "on the merits" means "the court must finally resolve the rights of

the parties on the substance of the claim, rather than on the basis of a procedural or other rule precluding state review of the merits."  *Barker v. Fleming*, 423 F.3d 1085, 1092 (9th Cir. 2005).  In general, judgment entered against a borrower in an unlawful detainer action constitutes a final judgment on the merits.  *U.S. ex rel. Hyatt v. Mirza*, 2018 WL 6653319, at *4 n.5 (E.D. Cal. Dec. 19, 2018) ("the state court's decision resolving the unlawful detainer action represents a final judgment on the merits of the claim"); *see also Castle v. Mortgage Elec. Registration Systems, Inc.*, 2011 WL 3626560, at *5 (C.D. Cal. Aug. 16, 2011) ("where a state court enters judgment against a borrower in an unlawful detainer action and issues a writ of possession, as here, this constitutes a final judgment on the merits").

On December 2, 2019, the state court issued an order in which it "granted the motion of [U.S. Bank] for summary judgment."  (Doc. 34 at 71, RJN Exh. J.)  The court held: "It is adjudged and decreed that Plaintiff, U.S. Bank Trust, N.A. as Trustee for LSF10 … have and recover from defendants … possession of the premises located at 11301 Darlington Avenue, Bakersfield, California 93312."  (*Id.*, emphasis omitted.)  Therefore, the clerk of court was "directed to issue a writ of possession directing the sheriff to take all legal steps to remove Defendants from the premises."  (*Id.* at 72.)  The court indicated "[t]he judgment shall run against 'all occupants' pursuant to California Code of Civil Procedure § 415.46."  (*Id.*)  The clerk of court issued the writ of possession on December 10, 2019.  (Doc. 34 at 74-76, RJN Exh. K.)

Barefield appealed the ruling, raising two issues: (1) "the trial court did not have authority to decide title issues" and (2) "because the trial court could not determine title, there remains a triable issue of fact that precluded the granting of summary judgment."  (Doc. 34 at 79, RJN Exh. L.)  The court found these arguments lacked merit, finding that "the plaintiff met its burden of establishing each of the elements necessary for its cause of action for unlawful detainer."  (*Id.*)  The judgment was affirmed on August 17, 2020.  (*Id.*)

Because the state court issued judgment in the unlawful detainer action—which was affirmed— there was final decision.  *See Mirza*, 2018 WL 6653319, at *5; *Castle v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 3626560, at *5 (C.D. Cal. Aug. 16, 2011) ("where a state court enters judgment against a borrower in an unlawful detainer action and issues a writ of possession, as here, this constitutes a final judgment on the merits"); *see also Turner v. Ctr. St. Lending Servs.*, 2021

WL 5933972, at *8 (Cal. App. 2nd. Dec. 16, 2021) ("The unlawful detainer matter proceeded to final judgment. Turner appealed to the appellate division and the appellate division affirmed. No more is necessary for finality.")  Accordingly, this element of res judicata is also satisfied.

*c.*     *"Identical" issues*

To determine whether a prior proceeding involves the same claim or cause of action, "California has consistently applied the 'primary rights' theory, under which the invasion of one primary right gives rise to a single cause of action."  *Robi v. Five Platters, Inc.*, 838 F.2d 318, 324 (9th Cir. 1988) (quoting *Slater v. Blackwood*, 15 Cal.3d 791, 795 (1975)); *see also Howitson v. Evans Hotels Hotels, LLC*, 81 Cal. App. 5th 475, 487 (2022) (the doctrine "bars a party… from bringing a second lawsuit if that suit seeks to vindicate the same primary right" [internal quotation marks omitted]).  Under California's "primary right" doctrine,

> A "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action.

*Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 904 (2002).  Consequently, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date."  *Id.* at 897.

In an unlawful detainer action, the "primary right" adjudicated by the court is the right of possession of property.  *Zimmerman v. Stotter*, 160 Cal.App.3d 1067 (Cal. App. 2nd 1984) (indicating "the right to possession" is the "primary right … determined in the unlawful detainer judgment"); *Ann v. Tindle,* 321 Fed. Appx. 619, 619-20 (9th Cir. 2009); *see also McAlister v. Essex Prop. Trust*, 504 F.Supp.2d 903, 909 (C.D. Cal. 2007).  Thus, the primary right adjudicated by the state court in the initial unlawful detainer complaint against Barefield was the right to possession of the identified property.  The Court must determine whether the claims now raised by Barefield—including failure to provide notice of the default, retaliatory eviction, intentional infliction of emotional distress, quiet title, and cancellation of instruments— involve the same primary right.  *Nathanson*, 99 Cal. App. 4th at 1162; *see also Kamali*, 947 Fed. Appx. at 398.

Under California law, the "judgment in unlawful detainer usually has very limited res judicata

19

effect" because the scope of the action is limited to the issue of a party's right of immediate possession rather than issues of title. *Vella v. Hudgins*, 20 Cal.3d 251, 255 (1977). However, in *Vella* the court acknowledged that "[a] qualified exception to the rule that title cannot be tried in unlawful detainer is contained in Code of Civil Procedure section 1161a, which extends the summary eviction remedy beyond the conventional landlord-tenant relationship to include certain purchasers of property…." *Id.* The Court explained:

> Section 1161a provides for a narrow and sharply focused examination of title. To establish that he is a proper plaintiff, one who has purchased property at a trustee's sale and seeks to evict the occupant in possession must show that he acquired the property at a regularly conducted sale and thereafter "duly perfected" his title.
> …
> Applying the traditional rule that a judgment rendered by a court of competent jurisdiction is conclusive as to any issues necessarily determined in that action, the courts have held that subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment.

*Vella*, 20 Cal.3d 255-56 (citations omitted); *see also Hopkins*, 2013 WL 2253837, at *4 (noting the exception identified under *Vella* for unlawful detainer actions brought under Cal. Civ. Code § 1161a). Consequently, "once a California state court grants an unlawful detainer judgement in favor of a foreclosure sale purchaser, the original trustor or borrower is foreclosed under the doctrine of claim preclusion from arguing that the foreclosure sale itself was improper." *In re Edwards* 454 B.R. 100, 108 (9th Cir. 2011) (citing *Freeze v. Salot*, 122 Cal. App. 2d 561, 565-66, (1954) [after defendant obtained a judgment against the plaintiff in an unlawful detainer action, res judicata precluded re-litigation of wrongful foreclosure claims in subsequent lawsuit]).

Significantly, the unlawful detainer action filed against Barefield by U.S. Bank was brought under Cal. Civ. Code § 1161a. (Doc. 34 at 57, RJN Exh. I.) As the court explained in its order affirming the judgment: "In an unlawful detainer action brought pursuant to Code of Civil Procedure section 1161a, subdivision (b)(3), the plaintiff must show that he or she acquired the property at a regularly conducted sale and thereafter 'duly perfected' title." (*Id.* at 79, RJN Exh. L [citation omitted].) The court observed the plaintiff was required to "prove compliance" with Cal. Civ. Code § 2924, and determined that "[o]n the record before [the court], the plaintiff met its burden of establishing

1  each of the elements necessary for its cause of action for unlawful detainer." (*Id.*)  Thus, the state court

2  made determination as to title, and subsequent claims for quiet title "founded upon allegations of

3  irregularity in a trustee's sale" bar barred by the judgement of the Kern County Superior Court.

4       For example, California's Second District Court of Appeal addressed claims brought following

5  entry of judgment in an unlawful detainer matter in *Malkoskie v. Option One Mortg. Corp*., 188

6  Cal.App.4th 968, 973 (2010). In *Malkoskie*, after the parties became delinquent on a loan that was

7  secured by a note and deed of trust recorded against the property purchased with the loan, Wells Fargo

8  Bank acquired the property at a trustee's sale.  *Id*. at 971.  Wells Fargo Bank then filed an unlawful

9  detainer action under Section 1161a.  *Id*. at 972, 974.  The parties agreed to a stipulated judgment in

10  Wells Fargo's favor and the defendants in the unlawful detainer action were forcibly evicted. *Id.* at 972.

11  The evicted defendants later brought a civil action against Wells Fargo and the beneficiary of the deed

12  of trust for claims including quiet title, wrongful foreclosure, and wrongful eviction.  *Id.* The

13  *Malikoskie* court found such claims were barred because "[t]he conduct of the sale and the validity of

14  the resulting transfer of title to Wells Fargo were …directly in issue in the unlawful detainer case," in

15  which Wells Fargo was required to demonstrate compliance with Section 2924.  *Id.* at 974.

16       It is unclear whether Barefield raised any arguments concerning "failure to provide notice" in

17  compliance with provisions of Cal. Civ. Code § 2924 before the state court, as she now raises.

18  However, even when a defendant to an unlawful detainer does not raise a specific defense before the

19  state court that would challenge compliance with Section 2924—as Barefield alleges—California law

20  bars litigation of the issue in a subsequent action after resolution of the primary right.  *See Palomar*

21  *Mobilehome Park Assoc. v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993) ("California, as most

22  states, recognizes that the doctrine of res judicata will bar not only claims actually litigated in a prior

23  proceeding, but also claims that could have been litigated").  Notably, this Court determined the

24  doctrine of res judicata barred a plaintiff's claims premised "on allegations that defendant failed to

25  comply with California Civil Code sections 2923.5(a) (1) and (2) prior to the filing or recording of its

26  notice of default."  *Hopkins v. Wells Fargo Bank*, 2013 WL 2253837, at *5-6 (E.D. Cal. May 22,

27  2013).  In *Hopkins,* the Court observed that such allegations challenged "the validity of the defendant's

28  title," and were "thus based on the same primary right at issue in the earlier unlawful detainer action,

namely, the right to the property." *Id.* The Court noted that although Hopkins did not raise these issues before the state court, "challenges to the validity of the foreclosure sale could have been raised as a defense in the unlawful detainer action." *Id.* at *5. As a result, the Court concluded that Hopkins' "claims for wrongful eviction and wrongful foreclosure [were] barred by res judicata." *Id.* at *6.

Barefield's claims for a violation of civil rights/property interest—premised on the failure to provide proper notice— and claim for wrongful eviction necessarily involve the same underlying "primary right" and issues adjudicated by the state court. *See Hopkins*, 2013 WL 2253837, at *5-6; *Hyatt*, 2018 WL 6653319, at *5 (a "retaliatory eviction claim… arises from the same primary right that was adjudicated in the unlawful detainer action"); *Campos-Riedel v. JP Morgan Chase*, 2014 WL 6835203, at *6 (E.D. Cal. Dec. 3, 2014) (finding a claim was barred by the doctrine of res judicata because the "plaintiff's claim that she did not receive notice of the trustee's sale [was] an allegation of irregularity in the trustee's sale"); *Castle,* 2011 WL 3626560, at *9 (claim for "wrongful eviction … addresses the same injury" as one raised in an unlawful detainer action). Likewise, Barefield's claims for quiet title and cancellation of the grant deed involve the same primary right and issues decided in the unlawful detainer action. *See Vella*, 20 Cal.3d 255-56 ("quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment"); *Malkoskie*, 188 Cal.App.4th at 973-974; *see also High v. Cavanagh*, 206 Cal.App.2d 495, 500 (1962) (finding identity of issues between a claim to cancel a deed and a prior action for unlawful detainer, and affirming dismissal based upon the doctrine of res judicata); *Lai v. Quality Loan Serv. Corp.,* 2010 WL 3419179, at *3-6 (C.D. Cal. Aug. 26, 2010) (finding the "identity of claims" element for res judicata was satisfied between an action for unlawful detainer and subsequent claims to void or set aside a deed).

### d. Conclusion

Barefield's claims for failure to provide notice of default, wrongful eviction, quiet title, and cancellation of instruments involve the same party, a final judgment on the merits, and the same primary rights. Because Defendants have carried the burden to demonstrate that the elements of res judicata are satisfied for each of these claims, Counts I, II, IV, and V in the First Amended Complaint are **DISMISSED** with prejudice.

On the other hand, there is no showing that Barefield's claim for intentional infliction of

emotional distress (Count III) involves the same primary right adjudicated in the unlawful detainer action.  Accordingly, Defendants failed to carry the burden to show the doctrine of res judicata is applicable to this claim based upon the state action.

2.    Effect of *Barefield I*

The preclusive effect of a judgment from a federal court "is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).  Under federal common law, which preclusion doctrine applies "depends on whether the federal judgment is based upon federal question or diversity jurisdiction."  *In re Pac. Fertility Ctr. Litig.*, 2021 WL 5283954, at *2 (N.D. Cal. Nov. 12, 2021).  If the prior judgment was made in a case with *federal question* jurisdiction, the court applies federal law.  *See Taylor*, 553 U.S. at 891; *see also Dauven v. United States Bancorp*, 390 F.Supp.3d 1262, 1276 (D.Or. 2019) ("a judgment issued pursuant to federal question jurisdiction requires federal courts to apply the federal rules of res judicata").  When the prior judgment is made by a court sitting with *diversity* jurisdiction, then "federal law incorporates the rules of preclusion applied by the state in which the rendering court sits."  *Taylor*, 553 U.S at 891, n.4 (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *see also Gustafson v. U.S. Bank N.A.,* 618 Fed. Appx. 921, 922 (9th Cir. 2015) ("we apply state law, not federal law, to determine the effect of the prior dismissal in this diversity case").

In *Barefield I,* the defendants asserted this Court had both federal question jurisdiction and diversity jurisdiction in the Notice of Removal.  (*See* Doc. 34 at 84, RJN Exh. N.)  The defendants observed that Barefield alleged violations of 15 U.S.C. § 1692, while the other claims arose under state law.  (*Id.* at 84, ¶¶ 5-6.)  In the Second Amended Complaint in *Barefield I*, filed before this Court, Barefield omitted allegations concerning the federal Fair Debt Collection Practices Act, and proceeded only with the corresponding provision under state law.  (*See id.* at 185, 197, RJN Exh. O.)  In ruling on the motion to dismiss the SAC, the Court questioned the status of its jurisdiction because it was unclear after dismissal of several claims "whether the jurisdictional threshold of $75,000 [was] met between diverse parties."  (*Id.* at 197.)  Further, while that motion to dismiss was pending, *Barefield II* was removed to the district court on the basis of diversity jurisdiction alone.  (*Id.* at 211-213, RJN Exh. R.)  At all relevant times—particularly when the Court addressed the merits of the claims raised in

1    *Barefield I* and judgment was entered—the Court was sitting in diversity.  Consequently, the Court

2    finds state law must be applied to determine the effect of the prior dismissals of claims in *Barefield I*

3    and *Barefield II*.  *See Gustafson,* 618 Fed. Appx. at 922 (finding the district court erred in applying the

4    federal standard for claim preclusion where the prior dismissal was in a diversity case); *Constantini v.*

5    *Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) ("a federal court sitting in diversity must

6    apply the res judicata law of the state in which it sits… even where the prior action was in federal court

7    and involved federal questions").

8                                   a.      *Party against whom res judicata is asserted*

9            For res judicata to apply, the party against whom the doctrine is asserted must have been "a

10   party or was in privity with a party to the prior adjudication." *Citizens for Open Access etc. Tide, Inc. v.*

11   *Seadrift Assoc*., 60 Cal.App.4th 1053, 1065 (1998)).  Barefield indicated that she brought the claims "as

12   administrator of the estate of Thomas W. Hatch" in *Barefield I*.  (Doc. 34 at 151, RJN Exh. N.)

13   Barefield again alleges she suffered violations of California law "as an Administrator of the Estate" in

14   the matter now pending before the Court.  (*See* Doc. 17 at 6, ¶ 4l; *see also id.* at 8, ¶ 48.)  Further,

15   Barefield concedes in her opposition that the cases identified by the defendants—including *Barefield*

16   *I*—were "Plaintiff's previous litigations."  (Doc. 45 at 3.)  Thus, it is undisputed that this element is

17   satisfied.

18                                  b.      *Final judgment*

19           In *Barefield I*, the Court evaluated the merits of the claims pursuant to Rule 12(b)(6) of the

20   Federal Rules of Civil Procedure and dismissed with prejudice the claims for fraud, implied covenant

21   of good faith and fair dealing, intentional infliction of emotional distress, laches, and quiet title.  (Doc.

22   34 at 177-184, 189-195, 197-198.)

23           Importantly, the term "with prejudice" means a "plaintiff's right of action is terminated and may

24   not be revived."  *Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 793 (2010) (citation omitted).

25   Consequently, "for purposes of applying the doctrine of res judicata… a dismissal with prejudice is the

26   equivalent of a final judgment on the merits, barring the entire cause of action."  *Id.*; *see also Stewart v.*

27   *United States Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a

28   dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits'").  Because the

1  dismissal with prejudice in *Barefield I* is a final judgment on the merits, this element is satisfied.

2                    c.      *"Identical" issues*

3          As discussed above, California applies a "primary rights" theory to determine whether "the

4  present proceeding is on the same cause of action as the prior proceeding."  *See Silverado Modjeska*

5  *Recreation & Park Dist. v. County of Orange*, 197 Cal.App.4th 282, 297 (2011).  "[A] a judgment for

6  the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right,

7  even though he presents a different legal ground for relief."  *Boeken*, 48 Cal.4th at 814.

8          The primary rights sought by Barefield in *Barefield I*—including her right to possession of the

9  property and to be free from the alleged embarrassment and distress related to the foreclosure— are the

10  same rights as those now sought.  Although the claim for intentional infliction of emotional distress

11  was previously raised in *Barefield I* against only Caliber and Summit, and is now stated against all

12  named defendants, it is indisputable that the primary rights involved are the same.  Furthermore, though

13  Barefield argues that her claims arose following the eviction, such argument is without merit, as she

14  continues to challenge the foreclosure and right of possession of property.  *See Janson v. Deutsche*

15  *Bank National Trust Co.,* 2015 WL 1250092, at *7 (N.D. Cal. Mar. 18, 2015) ("it has been repeatedly

16  recognized that, under California law, plaintiffs seeking to set aside a foreclosure may not relitigate

17  their claims in subsequent actions, even when the second lawsuit asserts different causes of action or

18  challenges different aspects of the loan or foreclosure process").  Indeed, this Court previously

19  observed that "courts have found that pre-foreclosure suits challenging the rights of defendants to

20  foreclose on a property involve the same primary right as those brought after foreclosure has occurred,

21  namely the right to be free from unlawful foreclosure."  *Miller v. JP Morgan Chase Bank, N.A.,* 2021

22  WL 2379750, at *4 (E.D. Cal. June 9, 2021) (citing, *e.g., Harold v. Wells Fargo Bank, N.A*., 2020 WL

23  3867203, at *4 (N.D. Cal. May 29, 2020); *Turner v. Bank of N.Y.*, 2019 WL 4040139 (N.D. Aug. 26,

24  2019); *Lomeli v. JPMorgan Chase Ban*k, 2015 WL 12746210, at *6 (C.D. Cal. Oct. 5, 2015)); *see also*

25  *Colebrook v. CIT Bank, N.A.*, 64 Cal.App.5th 259, 264 (2020) (also concluding a post-foreclosure

26  action involved the same primary right a prior pre-foreclosure suit).  Consequently, the Court finds this

27  element is also satisfied.

28  ///

<blockquote>

### d.   Conclusion

</blockquote>

Because Defendants have carried the burden to demonstrate the elements of res judicata are satisfied based on the prior litigation with *Barefield I*, all claims in the First Amended Complaint are **DSIMISSED** with prejudice.[8]

## C.   Sufficiency of the pleadings

Because the Court finds the claims in the First Amended Complaint are barred by the doctrine of res judicata, it declines to address each of the remaining arguments raised by the defendants concerning the sufficiency of the pleadings.[9]

## VI.   Leave to Amend

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alterations, internal quotation marks omitted).  When dismissing a claim, "a district court should grant leave to amend … unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1130 (internal quotation marks omitted).  Generally, leave to amend shall be denied only if amendment would unduly prejudice the opposing party, cause

---

[8] The Court would reach the same conclusion if the federal standard for res judicata were to be applied.  "Federal law dictates that a dismissal with prejudice bars a later suit under res judicata." *Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 477 n.3 (9th Cir. 1990).  The second requirement, identity of the cause of action, is also satisfied, because the matter involves largely the same nucleus of facts—the alleged wrongful foreclosure and Barefield's loss of the possession of property—as the claims raised in *Barefield I*. *See Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 770 (9th Cir. 2003) ("Identity of claims exists when two suits arise from the same transactional nucleus of facts"); *see also Gustafson*, 618 Fed. Appx. at 922 (noting that under federal law, the court considers "whether the two suits arise out of the same transactional nucleus of facts" compared to the "primary right" test under California law [internal quotation marks omitted]).

[9] Nevertheless, the Court notes there are pleading deficiencies which result in Barefield's failure to state cognizable claims. For example, although she seeks to hold all defendants liable for intentional infliction of emotional distress—and it is the only claim stated against Chicago Title Company and the Tenhaeffs—she generally alleges "Defendants engaged in a systemic and calculated campaign to damage [her] reputation in the neighborhood" and "made false statements about Plaintiff to her neighbors."  (Doc. 17 at 10-11, ¶¶ 69-70.)  There are no allegations about which defendants made statements, when, to whom, or information to support a conclusion that the Tenhaeffs, let alone the other corporate defendants such as Chicago Title Company, acted in a manner intended to cause emotional distress.  Indeed, Barefield did not oppose the motion by the Tenhaeffs challenging the sufficiency of this claim.

In addition, it is well-settled under California law that "a plaintiff seeking to quiet title in the face of a foreclosure must allege tender or an offer of tender of the amount borrowed." *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 712 (N.D. Cal. 2009) (citing *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984)). Barefield has not alleged either an offer or full tender of the debt in the FAC, and as a result the claim fails. *See Khan v. Citimortgage Inc.*, 975 F.Supp.2d 1127, 1149 (E.D. Cal. 2013) ("With the complaint's absence of a meaningful ability or willingness to tender the indebtedness, a purported quiet title claim fails. This Court is not in a position to award [the plaintiff] a windfall.").

undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

Because each of Barefield's claims are barred by the doctrine of res judicata, any amendment would be futile. *See Davis v. County of Maui,* 454 Fed. Appx. 582, 583 (9th Cir. 2011) ("The district court correctly denied [plaintiff] leave to amend his complaint because res judicata would bar relief even with his proposed amendments, and, thus, amendment would be futile"); *see also Hopkins*, 2013 WL 2253837 at *6 ("Because plaintiff's claims for wrongful eviction and wrongful foreclosure are barred by res judicata, allowing plaintiff leave to amend these claims would be futile"); *Agha-Khan v. Bank of Am.,* 2017 WL 2833399, at *8 (E.D. Cal. June 30, 2017) ("The preclusion that results from application of the doctrine of res judicata, renders it futile to grant leave to amend"). Accordingly, leave to amend will not be granted.

## VII.   Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:

1.     Plaintiff's motion to strike (Doc. 46) is **DENIED**.

2.     Defendants' motions to dismiss (Docs. 31, 33, 39) are **GRANTED**.

3.     Plaintiffs' First Amended Complaint is **DISMISSED** with prejudice.

4.     The Clerk of Court is directed to enter judgment in favor of Defendants and to close this action.

IT IS SO ORDERED.

Dated:   **March 15, 2023**

UNITED STATES DISTRICT JUDGE

27