UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BAREFIELD,<br><br>               Plaintiff,<br><br>   v.<br><br>HSBC MORTGAGE SERVICES, INC, et al.,<br><br>               Respondent. | Case No.: 1:21-cv-0613-JLT-CDB<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**<br><br>(ECF No. 69) |

### I. <u>Background</u>

Plaintiff Debra Barefield ("Plaintiff") proceeding pro se, moves the court to grant her application to proceed on appeal in forma pauperis. (Doc. 69). Plaintiff initiated this action against Defendants on April 9, 2021 (Doc. 1) and filed a First Amended Complaint ("FAC") on August 2, 2021. (Doc. 17). Defendants filed motions to dismiss on September 20, 2021 (Docs. 31, 33) and on September 30, 2021 (Doc. 39). On March 15, 2023, the Court granted the motions to dismiss and closed the case. (Doc. 66).

On April 13, 2023, Plaintiff filed a Notice of Appeal on April 13, 2023 and Motion to Proceed in Forma Pauperis on Appeal (IFP). (Docs. 68, 69). Plaintiff's IFP application contains a Form 4 document that sets out her income and expenses; however, Plaintiff declined or neglected to include information in the application responsive to the application's prompt, "state

your issues on appeal." (*Id.*, p. 1).

## II. Motion to Proceed in Forma Pauperis on Appeal

Rule 24(a)(1), Federal Rules of Appellate Procedure, provides:

> (a)(1) Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Rule 24(a)(4) and (a)(5) provide:

> (a)(4) The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:
>
> (A) denies a motion to proceed on appeal in forma pauperis;
>
> (B) certifies that the appeal is not taken in good faith; or
>
> (C) finds that the party is not otherwise entitled to proceed in forma pauperis.
>
> (a)(5) A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed bY Rule 14(a)(1).

Rule 24 permits the district court to decide whether the appeal is taken in "good faith." Fed. R. App. P. 24(a). "Good faith" is demonstrated when the party seeks review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). In her application, while Plaintiff has demonstrated an inability to pay or give security for fees and costs, she has neither claimed that she is entitled to redress nor identified the issues that she intends to present on appeal.

The filled-out Form 4 provided by Plaintiff states that "[t]he court may grant a motion to proceed in forma pauperis if you show that you cannot pay the filings fees **and** you have a non-frivolous legal issue on appeal. Please state your issues on appeal." (Doc. 69, p. 1) (emphasis in

original). Plaintiff's only attestation in response to the prompt states: "I am unable to pay fee as my source of income is SSI for $1,172.00 a month." (Doc. 69, p. 1). Without any statement, the Court is unable to determine whether the appeal is taken in good faith. 28 U.S.C § 1915(a)(3). Therefore, for this reason alone, the undersigned recommends that Plaintiff's motion to proceed on appeal in forma pauperis should be denied.

In addition, the Court found that the claims stated in Plaintiff's FAC were barred by the doctrine of res judicata. (Doc. 66, p. 26). The Court denied Plaintiff leave to amend because it found that any amendment would be futile. (*Id*. at 27). An appeal is frivolous if it lacks any arguable basis in law or fact. *Ortega v. Barbasa*, 2014 WL 460019, *3 (N.D. Cal. Feb. 3, 2014). As part of its ruling, the Court noted that Plaintiff previously filed nearly identical claims against the same defendants. *See Barefield v. HSBC Holdings, PLC, et al.*, Case No. 1:18-cv-527-LJO-JLT; *Barefield v. HSBC Holdings, PLC et al.*, Case No. 1:18-cv-01442-LJO-JLT. (Doc. 11). Such a pattern of commencing lawsuits and asserting the same claims against the same defendants is not consistent with a "good faith" belief that the appeal is non-frivolous.

**III.    Conclusion and Recommendations**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for leave to proceed on appeal in forma pauperis, filed April 13, 2023, be denied. (Doc. 69).

*Remainder of This Page Intentionally Left Blank*

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 25, 2023**

UNITED STATES MAGISTRATE JUDGE